Sheila JACOBY, Plaintiff,

v.

**CORNING GROUP INSURANCE,**
Defendant.

No. 1:91CV0347.

United States District Court,
N.D. Ohio, E.D.

Feb. 25, 1991.

Frank S. Carlson, Elyria, Ohio, for plaintiff.

Cecil Marlowe, Jeffrey D. Fincun, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for defendant.

MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Sheila Jacoby brings this action against the Metropolitan Life Insurance Company (mistakenly denominated by Jacoby as "Corning Group Insurance"). The Metropolitan Life Insurance Company ("MetLife") is the claims administrator for a group medical insurance plan provided by Corning Glass Works ("Corning") to its employees. Jacoby, a former Corning employee, alleges that MetLife improperly refused to provide insurance coverage for outpatient psychological treatment that she received.

Jacoby originally filed her case in state court, alleging violations of state law. MetLife removed to this court, correctly asserting that Jacoby's claims are preempted by ERISA, 29 U.S.C. § 1001 *et seq.* MetLife now moves for summary judgment, and Jacoby has not opposed MetLife's motion. Because the Court finds that there is no genuine issue of material fact and that Metlife is entitled to judgment as a matter of law, MetLife's motion for summary judgment is granted.

I.

Jacoby was employed by Corning as a salaried employee until some time in 1988. While employed with Corning, Jacoby received group medical insurance as a benefit of her employment. After her employment with Corning ended, Jacoby elected to maintain COBRA continuation of her medical insurance coverage under Corning's group health insurance plan.[1] During the

---

**1.** The Comprehensive Omnibus Budget Reconciliation Act of 1985 ("COBRA"), Pub.L. No. 99–

period of her COBRA coverage, Jacoby received outpatient psychiatric and psychological treatment from Jane A. Speicher, a psycho-therapist. Speicher worked under the supervision of Dr. Karen A. Bradley, M.D.

Jacoby's treatment resulted in charges of $3,921.50. Jacoby tendered a claim to MetLife, the claims administrator for Corning's health insurance group plan. Under the terms of the group plan, MetLife was obligated to pay for half of any covered amounts. MetLife refused to pay any of Jacoby's charges, however, stating that under the terms and provisions of the group plan, no benefits were payable to Jacoby. Specifically, MetLife told Jacoby that the only amounts covered by the group plan were those provided: 1) at an approved mental health facility; or 2) by a state licensed mental health care provider. Because Speicher was not a state licensed mental health care provider, and Bradley's office was not an approved mental health care facility, MetLife maintained that Speicher's charges were not covered by her health care plan. MetLife did not contest those charges resulting from Bradley's direct care of Jacoby, since Bradley was licensed by the state.

In its motion for summary judgment, MetLife includes affidavits and correspondence showing that MetLife was willing to pay Jacoby's claims if she could show that she was treated in an approved health care facility or that Speicher was a licensed health care professional. Jacoby, however, failed to provide any evidence to this effect. Jacoby's failure to respond to Met-Life's motion for summary judgment leaves MetLife's affidavits and averments unopposed.

## II.

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law ...

The nature of materials properly presented in a summary judgment pleading is set forth in Federal Rule of Civil Procedure 56(e):

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein ... The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

However, the movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In reviewing summary judgment motions, this Court must view the evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway*

272, 100 Stat. 222 (1986) (codified at 29 U.S.C. § 1161–68), amended in part the Employee Retirement Income Security Act ("ERISA") (codified at 29 U.S.C. § 1001 *et seq.*). COBRA amended ERISA to allow an individual, in certain circumstances, to participate in employer provided health insurance group plans after the employee has left her job.

*Park Racing Assn., Inc.,* 909 F.2d 941, 943–44 (6th Cir.1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. at 2512.

### III.

 Under Jacoby's group health care plan, MetLife is a "named fiduciary," with discretionary authority to pay or deny claims in its capacity as claims administrator. When a health plan grants discretion to a fiduciary to determine entitlement to benefits, a court may not substitute its judgment for that of the fiduciary's, absent bad faith. A court must "review the decision of the administrator to deny benefits only to determine whether such a decision was arbitrary, capricious, in bad faith, erroneous as a matter of law, or unsupported by substantial evidence." *Blakeman v. Mead Containers,* 779 F.2d 1146, 1149 (6th Cir.1985). *See also Firestone Rubber & Tire Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Davis v. Kentucky Finance Cos. Retirement Plan,* 887 F.2d 689 (6th Cir.1989, *cert. denied,* 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 288 (1990). Absent abuse of discretion, a claims administrator's denial of ERISA claims must be upheld.

The Court finds that MetLife's decision to deny benefits to Jacoby for services rendered by Speicher was not an abuse of discretion. Jacoby's health care plan states that mental health benefits will be paid when provided at an approved mental health care facility or provided by a mental health care professional. When MetLife suspected that Jacoby had not received her psychological treatment at an approved facility or by a licensed provider, MetLife refused to provide Jacoby with insurance benefits until she could prove otherwise. For MetLife to have paid benefits to Jacoby without such proof would have been a breach of MetLife's fiduciary duty.

MetLife has presented ample evidence that it adhered to the terms of Jacoby's group health insurance plan when it denied Jacoby benefits. Jacoby has not presented the slightest evidence otherwise. The Court finds that there is no genuine issue of material fact, and that MetLife is entitled to judgment as a matter of law.

MetLife also argues that summary judgment is appropriate in this case because Jacoby has failed to exhaust her administrative remedies, and because Jacoby has failed to amend her original complaint to state a federal claim.[2] The Court does not address these assertions because the grounds for summary judgment advanced by MetLife above are sufficient.

### IV.

MetLife has moved for summary judgment, and Jacoby has not opposed MetLife's motion. The Court finds that there is no genuine issue of material fact, and MetLife is entitled to judgment as a matter of law. Accordingly, MetLife's motion for summary judgment is granted, and the case is dismissed, with prejudice.

IT IS SO ORDERED.

---

**2.** Jacoby's original complaint advanced only state law claims; however, these claims are preempted by ERISA. MetLife then chose to remove Jacoby's action to federal court, but Jacoby never amended her complaint to state a claim under ERISA.